DAVID J. WINTERTON & ASSOC., LTD.
DAVID J. WINTERTON, ESQ.
Nevada Bar No. 004142
TENNILLE K. PEREIRA, ESQ.
Nevada Bar No. 12467
1140 N. Town Center Drive, Suite 120
Las Vegas, Nevada 89144
(702) 363-0317

Attorneys for Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:  )
        )  Case No. BK-14-13317-ABL
RAINBOW ROCK OF LAS VEGAS, INC.  )
        )  Chapter 11
    Debtor.  )
        )  Date: January 14, 2015
        )  Time: 1:30 p.m.

## MOTION TO SELL PROPERTY OF THE ESTATE UNDER 11 U.S.C. § 363 FREE AND CLEAR OF ALL LIENS

COMES NOW, RAINBOW ROCK OF LAS VEGAS, INC., (hereinafter "Debtor") by and through its counsel of record, of the law firm of David J. Winterton & Associates, Ltd., hereby files this Motion to Sell Property of the Estate Under 11 U.S.C. § 363 Free and Clear of all Liens (hereinafter, "Motion").

This Motion is made pursuant to the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") which incorporates the Federal Rules of Civil Procedure ("Federal Rules") and Section 363 of the United States Bankruptcy Code. The Motion is further made and based upon the points and authorities which follow, any pleadings, papers or other matters contained in this Court's file, judicial notice of which is hereby requested, and any evidence offered and oral argument of counsel presented at the time of hearing of this Motion.

WHEREFORE, Movant requests that this Court approve the sale of substantially all of the assets of the Debtor, enter an order allowing for the secured claim of Ford Motor Credit be paid, with the remaining funds be placed in the Debtor in Possession account pending further

///

///

///

order of this Court and waive the fourteen (14) day stay imposed by Fed. R. Bankr. P. 6004(h), and (f).

DAVID J. WINTERTON & ASSOC., LTD.

By: /s/ Tennille K. Pereira
Tennille K. Pereira, Esq.
Nevada Bar No. 012467
1140 N. Town Center Drive, Suite 120
Las Vegas, Nevada 89144

## MEMORANDUM OF POINTS AND AUTHORITIES

RAINBOW ROCK OF LAS VEGAS, INC., (hereinafter "Debtor"), by and through its counsel of the law firm of DAVID J. WINTERTON & ASSOCIATES, LTD., hereby files this Memorandum of Points and Authorities in Support of their Motion to Sell Property of the Estate Under 11 U.S.C. § 363 (hereinafter "Motion").

### STATEMENT OF FACTS

1. The Debtor owns and operates a decorative rock business. The Debtor sells the decorative rock on a commercial, wholesale and retail basis. The Debtor stock piles the rocks at its leased location and then transports and delivers the rock to the purchasers.

2. After the economic down turn in Nevada and the construction market, the Debtor had substantial accounts that became delinquent and were no longer collectible. The Debtor also saw a substantial downturn in the new construction and development market that make up an ample portion of its business. The Debtor fell behind in its own obligations to its suppliers and was forced to downsize to a smaller location and downsize its workforce.

3. The Debtor filed a Chapter 11 Bankruptcy on May 9, 2014. Since filing bankruptcy, the Debtor has struggled to maintain operations on a cash basis. The Debtor has been forced to lay off all employees except for one, Travis Mickelson. Mr. Mickelson is also a 50% equity holder of the Debtor and his wife is the other 50% equity holder.

3. Mobile Materials, LLC of North Las Vegas (hereinafter, "Purchaser") has contacted the Debtor and made an offer to purchase all of the equipment used in the operations of the

1. Debtor (hereinafter, "Subject Property"). A copy of the Executed Offer Letter is attached hereto as "Exhibit 1".

2. The assets being sold are all of the Debtor's personal property assets. The Debtor does not own any interest in real property. A copy of Schedule B is attached hereto as "Exhibit 2".

3. Prior to filing bankruptcy, the Debtor had contacted Ritchie Brothers Auctioneers to ascertain the values of the heavy equipment owned by the Debtor. Those values were used for the preparation of Schedule A. Declaration of Travis Mickelson.

4. The accounts receivables were scheduled with a value of $272,449.53, however upon further investigation they are not worth near that amount. Nine (9) of the largest accounts receivables are insolvent. The Debtor believes approximately only $57,000 is collectable after contacting them. The Debtor also believes that the $57,000 that is collectable would only be collectable on a payment schedule for a time period over five to six years. For that reason, the sale of the assets only values the accounts receivable at an amount of $30,000. Declaration of Travis Mickelson.

5. The Debtor believes the amount offered by the Purchaser for the Subject Property is a fair offer. The Debtor also believes the Subject Property will get more value if sold as a group than if they are piece milled off. Declaration of Travis Mickelson.

6. The purchase price is for $210,000 while the Debtor puts a value on the assets of $226,150 (Schedule A values and the discounted accounts receivables value as discussed above), a difference of just $16,150. However, there are no costs of sale associated with the transaction and will therefore net more than it would have if sold at auction or through a broker. Declaration of Travis Mickelson.

7. The proposed transaction is an arms-length transaction. The Debtor has had no prior interactions or any type of relationship with Purchaser. Declaration of Travis Mickelson.

8. There are no side agreements, arrangements, or understandings between the Debtor and Purchaser. All of the consideration to be paid by Purchaser is set forth in the Executed Offer Letter. Declaration of Travis Mickelson.

9. The Debtor believes it is in the best interests of the Estate and creditors to agree to the

sale as proposed and would also net the maximum value from the assets. Declaration of Travis Mickelson.

10. There is only one secured creditor in the Debtor's bankruptcy, Ford Credit for $25,184. A copy of Schedule D is attached hereto as "Exhibit 3".

11. Ford Credit will be paid the value of its lien and the remaining proceeds will be held for the benefit of the remaining creditors, pending plan confirmation and then disbursed in accordance with a confirmed plan. Declaration of Travis Mickelson.

## LEGAL AUTHORITY

The Bankruptcy Code grants to the trustee the right, power, and authority to sell the property of the bankruptcy estate. 11 U.S.C. §§ 363(b)(1) & (c)(1). The trustee may sell the property of the estate, other than in the ordinary course of business, only after notice and a hearing. 11 U.S.C. §§ 363(b). The trustee may sell property in the ordinary course of business without notice and a hearing. 11 U.S.C. §§ 363(c)(1).

Chapters 1, 3, and 5 of the Bankruptcy Code do not authorize Chapter 7 debtors to sell property of the bankruptcy estate. Likewise, Chapter 7 does not authorize Chapter 7 debtors to sell property of the bankruptcy estate. The only provision of the Bankruptcy Code authorizing the sale of property of Chapter 7 bankruptcy estates empowers the trustee to sell that property. *See* 11 U.S.C. §§ 363(b) & (c)(1).

In contrast to Chapter 7 debtors, Chapter 11 debtors-in-possession, and all Chapter 13 debtors, are authorized to exercise the sale rights and powers of Bankruptcy Trustees under 11 U.S.C. §§ 363. *See* 11 U.S.C. §§ 1107(a) and 11 U.S.C. §§ 1303. *See also In re Brookfield Clothes, Inc.,* 31 Bankr. 978, 9 C.B.C. 2d (MB) 128, 133-134 (S.D.N.Y. 1983); *In re One Marketing Co., Inc.,* 17 B.R. 738, 739 (Bankr. S.D. Tex. 1982); *In re Sapolin Paints, Inc.,* 11 B.R. 930, 935-936 (Bankr. E.D.N.Y. 1981); Ginsberg, *Bankruptcy* §§ 5401 at 5038. It is the existence of 11 U.S.C. §§ 1107(a) and 11 U.S.C. §§ 1303 which give Chapter 11 and 13 debtors the right, power, and authority to sell property of the bankruptcy estate.

Chapter 11 bankruptcy is effectually a "reorganization" bankruptcy. Chapter 13 bankruptcy is effectually an individual "adjustment of debts" bankruptcy. Both Chapters 11 and 13 contemplate that the debtor will continue to pay its debts. Thus, if a Chapter 11 or 13 debtor

does exercise his right to sell property of the bankruptcy estate, *see* 11 U.S.C. §§ 1107(a), 11 U.S.C. §§ 1303, and 11 U.S.C. §§ 363, the debtor has incentive to maximize the sales price. In contrast, Chapter 7 bankruptcy is effectually a "liquidation" bankruptcy. Chapter 7 anticipates that the debtor will be relieved of its unsecured debts through a discharge or complete liquidation of assets in bankruptcy. Thus, a Chapter 7 debtor does not have an incentive to maximize the sales price if he sells property of the bankruptcy estate. The lack of incentive to maximize the sales price helps explain why a debtor in a Chapter 11 or 13 bankruptcy is allowed under the Bankruptcy Code to sell assets of the estate while a debtor in a Chapter 7 bankruptcy is not.

Further, the Bankruptcy Code allows for a sale of assets free and clear of all liens when the price for the property is greater than the aggregate value of all liens on the property. 11 U.S.C. § 363(f) states:

> (f) The Trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate only if-
> (1) Applicable non-bankruptcy law permits sale of such property free and clear of such interest;
> (2) Such entity consents;
> (3) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) Such interest is in bona fide dispute; or
> (5) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Here, there is only one secured creditor on one of the pieces of equipment for a total amount of $25,184.82. Exhibit 2. The value of the collateral is approximately $36,000. The sale is for $210,000. The sale proceeds far exceed the amount of the lien and therefore the sale can be approved free and clear of all liens.

A debtor ordinarily must obtain confirmation of a plan of reorganization before selling all or substantially all of its assets. *See* generally 11 U.S.C. §§ 1121-29. Section 363, however, is an exception to this general rule. In the present case, the Debtor is seeking to sell the Subject Property because the offer will net the most possible for the creditors. The transaction will not incur costs of sale, it will be expeditious because they are all being sold in one transaction and the proceeds of the sale are likely higher because the assets are being sold together as a ready operation. Further, there will be no continued depreciation of the equipment or maintenance costs. The Debtor will pay the one secured creditor from the proceeds of the sale and remaining

1  funds will remain in the Debtor in Possession account until a plan of reorganization is confirmed.
2  The Debtor will be filing a liquidation plan of reorganization that will be funded with the
3  remaining proceeds. The Debtor is not able to remain in operation and stay current on a cash
4  basis. The alternative to the sale and plan would be to have a chapter 7 trustee appointed. The
5  current sale may fall through because of the wait time, the trustee would incur professional fees
6  and other liabilities assessing the value of the assets, and the trustee would be entitled to fees
7  from the proceeds. Further, if the Subject Property is auctioned off and/or separated, the net
8  proceeds will be substantially less than the current transaction. For those reasons, the Debtor
9  believes it is in the best interests of the Estate and Creditors.

10       "Economic or "fair market" value is "the amount at which property would change hands
11 between a willing buyer and a willing seller." Black's Law Dictionary 597 (6th ed. 1990). The
12 Debtors in this case believe the value of the Subject Property to be around $226,150. The
13 Debtors have an offer to sell it for $210,000, however there are no costs of sale associated with
14 the offer. Given the circumstances, the Debtor believes it is getting fair value for the Subject
15 Property.

16       The Debtor requests that any stay of effectiveness of the order approving this Motion be
17 waived to allow the sale to go through and the funds to transfer for expeditious administration of
18 the Estate. Pursuant to Fed. R. Bankr. P. 6004(h), "[a]n order authorizing the use, sale, or lease
19 of property other than cash collateral is stayed until the expiration of 14 days after entry of the
20 order unless the court orders otherwise." The Debtor believes cause exists to justify a waiver to
21 allow for the immediate transfer.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///
///

## CONCLUSION

Based upon the above stated facts, the Debtors respectfully request that the Motion be GRANTED.

DATED this 5th day of December, 2014.

DAVID J. WINTERTON & ASSOC., LTD.

By: /s/ Tennille K. Pereira
DAVID J. WINTERTON, ESQ.
Nevada Bar No. 004142
TENNILLE K. PEREIRA, ESQ.
Nevada Bar No. 12467
1140 N. Town Center Drive, Suite 120
Las Vegas, Nevada 89144
(702) 363-0317

Attorneys for Debtor and Debtor in Possession

# EXHIBIT 1

**Mobile Materials, LLC**
**120 West Delhi Avenue**
**North Las Vegas, Nevada 89032**

November 25, 2014

Tennille K. Pereira, Esq.
David J. Winterton & Assoc., Ltd.
1140 N. Town Center Drive, Suite 120
Las Vegas, Nevada 89144

Dear Tennille:

As discussed, the following outlines the framework for the sale of all assets of Rainbow Rock of Las Vegas, Inc. ("Rainbow Rock") to Mobile Materials, LLC ("Mobile Materials"), a Delaware limited liability company.

**Assets:** Rainbow Rock shall sell, transfer, and assign all right, title, and interest in all of Rainbow Rock's assets (collectively, the "Assets") to Mobile Materials, which Assets include, but are not limited to, the following:

(1) 2001 Big Tex Trailer;
(2) 2002 Kenworth Dump T300;
(3) 2002 Logan Dump Trailer;
(4) 2004 Carson Flatbed Trailer;
(5) 2004 Komatsu Loader;
(6) 2004 Trail Max Trailer;
(7) 2007 Freightliner Wesco Dump;
(8) 2011 F450;
(9) Cat Skid Steer Bobcat;
(10) 70' Truck Scales;
(11) All of Rainbow Rock's accounts receivable;
(12) Two (2) Dell desktop computers;
(13) Comdata Phone System;
(14) Dell Laptop Computers;
(15) Poweredge T300 Quad Core Intel Server;
(16) Two (2) Con-Ex Boxes;
(17) Miscellaneous tools;
(18) Miscellaneous yard equipment;
(19) All other Rainbow Rock assets

Tennille K. Pereira, Esq.
November 25, 2014


Rainbow Rock will execute any documents reasonably requested by Mobile Materials to transfer all right, title, and interest that Rainbow Rock has in the Assets to Mobile Materials, including, but not limited to, bills of sale and title certificates.

The Assets will be sold as is and where is, with no representations or warranties by Rainbow Rock, except for a representation that Rainbow Rock owns the Assets and has the authority to convey the Assets to Mobile Materials.

**Purchase Price:** In exchange for the Assets, Mobile Materials will pay $200,000.00 (the "Payment") in good and available funds. The allocation of the purchase price is reflected in Exhibit A. It should be noted that in the bankruptcy filing the accounts receivable are listed at $272,449.53 but a closer review finds that nine of the largest creditors are bankrupt per management. The adjusted total drops below $57,000 with the largest creditor on an undocumented five to six year payment plan.

The $200,000 Payment will first be used to pay off any creditor with a security interest or lien against any or all of the Assets so that the Assets will be transferred to Mobile Materials free and clear or any lien, claim, interest, or encumbrance. After payment to such secured creditors, Rainbow Rock will receive the remaining amount of the Payment.

**Asset Purchase Agreement:** The sale of the Assets from Rainbow Rock to Mobile Materials will be evidenced by an asset purchase agreement (the "APA"), which both Rainbow Rock and Mobile Materials must execute. Rainbow Rock and Mobile Materials will work together to draft the APA.

**Sale Approval:** The sale of the Assets from Rainbow Rock to Mobile Materials will be subject to bankruptcy court approval pursuant to 11 U.S.C. § 363. Mobile Materials will not transfer any portion of the Payment to Rainbow Rock until there is a final, non-appealable order entered by the United States Bankruptcy Court for the District of Nevada that approves the sale of the Assets and approves the APA.

By signing below, Rainbow Rock and Mobile Materials agree to make a good-faith effort to consummate the sale of the Assets contemplated herein.

MOBILE MATERIALS, LLC

_____
Signature

Edward C. Roohan
Printed Name

Partner
Title

Tennille K. Pereira, Esq.
November 25, 2014

**RAINBOW ROCKS OF LAS VEGAS, INC.**

_____
Signature

_____
Printed Name

_____
Title

Dated: November ____, 2014

Exhibit A

**Rainbow Rock of Las Vegas**
**Mobile Materials, LLC Bankruptcy Offer**
**November 25, 2014**

|  | Value |
|---|---|
| Accounts Receivable | $ 30,000.00 |
| Trademark | |
| 2001 Big Tex Trailer | $ 4,050.00 |
| 2002 Kenworth Dump T300 | $ 23,400.00 |
| 2002 Logan Dump Trailer | $ 2,700.00 |
| 2004 Carson Flatbed Trialer | $ 2,700.00 |
| 2004 Komatsu Loader | $ 25,200.00 |
| 2004 Trail Mix Trailer | $ 2,700.00 |
| 2007 Freightliner, WESCO Dump | $ 33,300.00 |
| 2011 F450 | $ 32,400.00 |
| Cat Skid Steer - Bob Cat | $ 13,500.00 |
| 3 Dell Desktop Computers | $ 510.00 |
| Comdata Phone System | $ 170.00 |
| Dell Laptop Computer | $ 127.50 |
| Poweredge T300 Quad Core Intel Server | $ 1,275.00 |
| 2 Con Ex Boxes | $ 850.00 |
| 70' Truck Scales | $ 6,750.00 |
| Misc Tools | $ 1,275.00 |
| Misc Yard Equipment | $ 425.00 |
| All Other Assets of Rainbow | $ 18,667.50 |
| | $ 200,000.00 |

# EXHIBIT 2

B6B (Official Form 6B) (12/07)

IN RE **RAINBOW ROCK OF LAS VEGAS, INC.**　　　　　　　　　　　　　Case No. **14-13317-ABL**
　　　　　　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | NEVADA STATE BANK ACCT ENDING 6810 | | 0.00 |
| | | US BANK CHECKING ASCCT ENDING 0190 | | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE **RAINBOW ROCK OF LAS VEGAS, INC.**                              Case No. **14-13317-ABL**
　　　　　　　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | | ACCOUNTS RECEIVABLE AS OF 05/09/2014 | | 272,449.53 |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | TRADEMARK | | 200.00 |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2001 BIG TEX TRAILER | | 4,500.00 |
| | | 2002 KENWORTH DUMP T300 | | 26,000.00 |
| | | 2002 LOGAN DUMP TRAILER | | 3,000.00 |
| | | 2004 CARSON FLATBED TRAILER | | 3,000.00 |
| | | 2004 KOMATSU LOADER | | 28,000.00 |
| | | 2004 TRAIL MAX TRAILER | | 3,000.00 |
| | | 2007 FREIGHTLINER, WESCO DUMP | | 37,000.00 |
| | | 2011 F450 | | 36,000.00 |
| | | CAT SKID STEER - BOB CAT | | 15,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE RAINBOW ROCK OF LAS VEGAS, INC.     Case No. **14-13317-ABL**
Debtor(s)     (If known)

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 28. Office equipment, furnishings, and supplies. | | (3) DELL DESKTOP COMPUTERS | | 600.00 |
| | | COMDATA PHONE SYSTEM | | 200.00 |
| | | DELL LAPTOP COMPUTER | | 150.00 |
| | | POWEREDGE T300 QUAD CORE INTEL SERVER | | 1,500.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | (2) CON-EX BOXES | | 1,000.00 |
| | | 70' TRUCK SCALES | | 35,000.00 |
| | | MISC TOOLS | | 1,500.00 |
| | | MISC YARD EQUIPMENT | | 500.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | TOTAL | 468,599.53 |

____0____ continuation sheets attached

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

EXHIBIT 3

B6D (Official Form 6D) (12/07)

IN RE RAINBOW ROCK OF LAS VEGAS, INC.      Case No. _____
          Debtor(s)                                                                                    (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 2234 <br> FORD CREDIT <br> PO BOX 790093 <br> ST LOUIS, MO 63179 | | | 07/2011 - VEHICLE LOAN <br> 2011 F450 TRUCK <br><br> VALUE $ | | | | 25,184.82 | 25,184.82 |
| ACCOUNT NO. | | | <br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br> VALUE $ | | | | | |
| | | | Subtotal (Total of this page) | | | | $ 25,184.82 | $ 25,184.82 |
| | | | Total (Use only on last page) | | | | $ 25,184.82 | $ 25,184.82 |

\_\_0\_\_ continuation sheets attached

(Report also on Summary of Schedules.)      (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)